IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 6, 2012 Session

## CYNTHIA A. WILKERSON v. RAYNELLA DOSSETT LEATH

**Appeal from the Circuit Court for Knox County**
**No. 3-93-06     Hon. Wheeler A. Rosenbalm, Judge**

**No. E2011-00467-COA-R3-CV-FILED-JUNE 22, 2012**

D. MICHAEL SWINEY, J., concurring.

I concur in the Opinion and Judgment of this Court to reverse the Judgment of the Circuit Court. I agree with the Opinion that Ms. Leath's "judgment of conviction cannot be used for collateral estoppel purposes because the judgment of conviction is not a final judgment." Likewise, I agree with the Opinion that under current Tennessee law, Ms. Wilkerson "cannot assert the doctrine of collateral estoppel because she was not in privity with the State" and, therefore, the mutuality of parties as required in Tennessee for offensive collateral estoppel is missing. *Sullivan v. Wilson County*, No. M2011–00217–COA–R3–CV, 2012 WL 1868292, at *11 (Tenn. Ct. App. May 22, 2012), *no appl. perm. appeal filed*.[1]

I write separately to address the mutuality of parties requirement when a party seeks to use what has been termed offensive collateral estoppel. Current Tennessee law is as expressed in the Opinion in that mutuality of parties, or at least mutuality by privity, is required for offensive collateral estoppel. While accepting that experience and not always logic is the foundation of our law, I do not think logic should be discounted completely. This situation shows exactly why the requirement of mutuality of parties in offensive collateral estoppel should be reconsidered in this State and offensive collateral estoppel should be treated the same as any other collateral estoppel.

Here, Ms. Leath has been found guilty of first degree murder of her husband, Ms. Wilkerson's father. While this conviction is not yet final and cannot yet be used for collateral estoppel purposes, the judgment will at some point either become final or be reversed, modified, or vacated. Even if Ms. Leath's conviction of first degree murder of her husband becomes final, current Tennessee law would prevent Ms. Wilkerson from using that conviction for collateral estoppel purposes which means that Ms. Leath would get to relitigate in this civil case the issue of whether

---

[1]The period of time in which an appeal may be filed in *Wilson* has not yet expired.

or not she intentionally killed her husband.  In that event, Ms. Leath would be allowed to contest this issue in the civil case even though she was found, in her criminal case, beyond a reasonable doubt to have murdered her husband.

If Ms. Leath's criminal conviction becomes final, all the necessary elements of offensive collateral estoppel would then be present except the required element of mutuality of parties.  As this Court has stated before:

> Collateral estoppel, an issue preclusion doctrine, was devised by the courts to "conserve judicial resources, to relieve litigants from the cost and vexation of multiple lawsuits, and to encourage reliance on judicial decisions by preventing inconsistent decisions."  *Beaty v. McGraw*, 15 S.W.3d 819 at 824 (Tenn. Ct. App. 1998).  The doctrine bars the parties or their privies from relitigating issues that were actually raised and determined in an earlier suit.  *Id*.

*Trinity Indus., Inc. v. McKinnon Bridge Co., Inc.*, 77 S.W.3d 159, 184 (Tenn. Ct. App. 2001).  The reasons our courts devised collateral estoppel are just as relevant in offensive collateral estoppel as in any other collateral estoppel.  I know of no legitimate reason to allow an individual who has been convicted in a criminal court to relitigate that exact same issue in a subsequent civil suit.  I, respectfully, believe the time has come to treat offensive collateral estoppel no differently from all other instances of collateral estoppel.

_____
D. MICHAEL SWINEY, JUDGE